UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

TERESA V.,

                Plaintiff,

v.

NANCY A. BERRYHILL, Deputy Commissioner of Social Security for Operations,

                Defendant.

Case No. C18-5596 TSZ

**ORDER REVERSING THE COMMISSIONER'S DECISION AND REMANDING FOR FURTHER ADMINISTRATIVE PROCEEDINGS**

Plaintiff seeks review of the denial of her application for Supplemental Security Income. Plaintiff contends the ALJ erred in evaluating medical opinions, evidence of migraines, and Plaintiff's testimony. Dkt. 11. As discussed below, the Court **REVERSES** the Commissioner's final decision and **REMANDS** the matter for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).

## BACKGROUND

Plaintiff is currently 55 years old, has a high school education, and has worked as a house cleaner. Administrative Record (AR) 23, 42. In September 2013, Plaintiff applied for benefits, alleging disability as of June 1, 2013. AR 120. Plaintiff's application was denied initially and on reconsideration. AR 119, 133. After the ALJ conducted a hearing in September 2016, the ALJ issued a decision finding plaintiff not disabled. AR 31, 13-25.

ORDER REVERSING THE
COMMISSIONER'S DECISION AND
REMANDING FOR FURTHER
ADMINISTRATIVE PROCEEDINGS - 1

# THE ALJ'S DECISION

Utilizing the five-step disability evaluation process,[1] the ALJ found:

**Step one:** Plaintiff has not engaged in substantial gainful activity since the September 2013 application date.

**Step two:** Plaintiff has the following severe impairments: obesity, urinary disorder, visual impairment of the right eye, pseudoseizures, fibromyalgia, posttraumatic stress disorder (PTSD), depressive disorder, somatic symptom disorder, and spine disorder.

**Step three:** These impairments do not meet or equal the requirements of a listed impairment.[2]

**Residual Functional Capacity:** Plaintiff can perform light work. She can occasionally stoop or climb ramps and stairs, and can never kneel, crouch, crawl, or climb ladders, ropes, or scaffolds. She can frequently balance. She can have no exposure to hazards such as moving mechanical parts, unprotected heights, or the operation of a motor vehicle. Plaintiff is limited to less than full field of vision on the right with occasional depth perception. She can perform simple, routine, repetitive tasks with a reasoning level no higher than two. She can handle simple work-related decisions. She can have occasional interaction with coworkers and supervisors, and no public contact.

**Step four:** Plaintiff has no past relevant work.

**Step five:** As there are jobs that exist in significant numbers in the national economy that Plaintiff can perform, she is not disabled.

AR 15-25. The Appeals Council denied plaintiff's request for review, making the ALJ's decision the Commissioner's final decision. AR 1.

# DISCUSSION

This Court may set aside the Commissioner's denial of Social Security benefits only if the ALJ's decision is based on legal error or not supported by substantial evidence in the record as a whole. *Trevizo v. Berryhill*, 871 F.3d 664, 674 (9th Cir. 2017). Each of an ALJ's findings must be supported by substantial evidence. *Reddick v. Chater*, 157 F.3d 715, 721 (9th Cir.

---

[1] 20 C.F.R. § 416.920.
[2] 20 C.F.R. Part 404, Subpart P, Appendix 1.

1998). "Substantial evidence" is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving any other ambiguities that might exist. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). While the Court is required to examine the record as a whole, it may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). When the evidence is susceptible to more than one interpretation, the Commissioner's interpretation must be upheld if rational. *Burch v. Barnhart*, 400 F.3d 676, 680-81 (9th Cir. 2005). The Court "may not reverse an ALJ's decision on account of an error that is harmless." *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012).

**A.    Migraines**

Plaintiff contends the ALJ erred by failing to include migraines as one of her severe medically-determinable impairments at step two, and failing to include any resulting limitations in Plaintiff's RFC. Dkt. 11 at 15-16. Any error is harmless. Because the ALJ found in Plaintiff's favor at step two, she "could not possibly have been prejudiced" at that step. *Buck v. Berryhill*, 869 F.3d 1040, 1049 (9th Cir. 2017). And in the RFC determination, Plaintiff fails to show prejudice because she identifies no functional limitations resulting from her migraines. While Plaintiff's treating providers listed migraines among her diagnoses, they did not describe any related limitations and none are apparent from the record. *See* AR 366, 709. Plaintiff's extensive testimony about her impairments included nothing about migraines. AR 39-60.

A claimant bears the burden to provide proof that she is disabled. 20 C.F.R. § 416.912(a). And "the burden of showing that an error is harmful normally falls upon the party

attacking the agency's determination." *Shinseki v. Sanders,* 556 U.S. 396, 409 (2009). Plaintiff has not met her burden to show that her migraines are disabling or that the ALJ harmfully erred in evaluating her migraines. The Court concludes the ALJ did not harmfully err in considering the evidence of migraines.

**B.     Medical Opinions**

An ALJ may only reject the uncontradicted opinion of a treating or examining doctor by giving "clear and convincing" reasons. *Revels v. Berryhill*, 874 F.3d 648, 654 (9th Cir. 2017). Even if a treating or examining doctor's opinion is contradicted by another doctor's opinion, an ALJ may only reject it by stating "specific and legitimate" reasons. *Id.* The ALJ can meet this standard by providing "a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Id.* (citation omitted). "The ALJ must do more than offer his conclusions. He must set forth his own interpretations and explain why they, rather than the doctors', are correct." *Reddick*, 157 F.3d at 725.

        **1.     Navin Nagaraj, M.D.**

Dr. Nagaraj, one of Plaintiff's treating physicians at The Vancouver Clinic, filled out a "Documentation Request for Medical or Disability Condition" form in August 2013. AR 366-68. He listed diagnoses of chronic pain syndrome, depression, and frequent migraines, and opined that Plaintiff could not work at all. AR 366 (limited to zero hours per week). However, he also opined that Plaintiff was limited to sedentary work, defined as lifting 10 pounds maximum, lifting light articles frequently (defined as "2.5 to 6 hours in an 8-hour day"), and "sitting, walking and standing for brief periods." AR 367. He stated that Plaintiff cannot drive due to pain "and cannot reliably use public transport." AR 367. He opined that her condition

1  was permanent. AR 367.  In October 2014, Dr. Nagaraj further opined that Plaintiff needed an
2  assistive device such as a cane or walker "for all ambulation."  AR 590.

3  Plaintiff argues that Dr. Nagaraj's opinions were uncontradicted and thus clear and
4  convincing reasons were required to discount them.  Dkt. 11 at 5.  Plaintiff is mistaken because
5  the state agency reviewing doctor opined that Plaintiff could sit six hours and stand six hours in a
6  normal 8-hour work day, contradicting Dr. Nagaraj's opinion that she could work zero hours.
7  *See* AR 127.  The ALJ was required to provide specific and legitimate reasons to discount Dr.
8  Nagaraj's opinions.

9  The ALJ gave Dr. Nagaraj's opinions "little weight" for the sole reason that they were
10 contradicted by normal physical findings, including a normal gait. AR 22.  Contradiction with
11 the medical record can be a specific and legitimate reason to discount a doctor's opinions.  *See*
12 *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1195 (9th Cir. 2004).  However, of the 13
13 record citations the ALJ provided to support the finding that the record shows "normal physical
14 findings, including a normal gait" several actually show antalgic gait, or do not evaluate gait but
15 report other relevant, significant, abnormal findings such as back spasms, pain, tenderness, and
16 reduced range of motion.  AR 22; *see* AR 409, 455, 586, 743, 749, 809.  One citation merely
17 notes "no assist[ive] device" without evaluating gait.  AR 790.  The remaining citations that note
18 normal gait were from appointments not focused on Plaintiff's ongoing musculoskeletal
19 impairments.  *See* AR 533 (head injury due to fall), 542 (same head injury), 575 (incontinence),
20 605 (same), 800 (same), 820 (same).  A cursory gait assessment to screen for neurological
21 abnormalities, in the context of an appointment focused on an entirely different part of the body,
22 is less probative than clinical observations that are clearly related to the core purpose of the
23 appointment.  *See*, *e.g.*, AR 436, 439 (antalgic gait observed during appointment for back, hip,

and neck pain); AR 450, 455 (decreased range of motion, decreased strength, and tenderness observed at appointment for hip and leg pain). Substantial evidence does not support the ALJ's finding that Plaintiff consistently had a normal gait or normal physical findings, and thus this finding cannot support the conclusion that the medical record contradicts Dr. Nagaraj's opinions. Because several of the treatment notes that the ALJ cited to support a finding of normal gait and overall normal physical findings actually show the opposite, the Court is not confident that the ALJ would reach the same conclusion about Dr. Nagaraj's opinions if the cited records were properly characterized. *See Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1056 (a reviewing court cannot consider an error harmless "unless it can confidently conclude that no reasonable ALJ" could have reached a different disability determination, absent the error).

The Court concludes the ALJ erred by discounting Dr. Nagaraj's opinions. On remand, the ALJ should reevaluate the opinions.

### 2. Devlyn Neveux, PA-C

Treating physician assistant Ms. Neveux filled out a "Documentation Request for Medical or Disability Condition" form in May 2016. AR 709-11. She listed diagnoses of chronic pain syndrome, anxiety/depression, and frequent migraines. AR 709. Like Dr. Nagaraj, Ms. Neveux opined that Plaintiff was unable to work yet opined that Plaintiff was limited to sedentary work. AR 709 (limited to zero hours per week), 710. Ms. Neveux also opined that Plaintiff was "unable to use public transportation reliably" due to pain. AR 710.

An ALJ may reject the opinion of a non-acceptable medical source by giving reasons germane to the opinion. *Ghanim v. Colvin,* 763 F.3d 1154, 1161 (9th Cir. 2014). The ALJ gave Ms. Neveux's opinions "little weight" because they were inconsistent with objective findings and she provided minimal supporting explanations. AR 21. The objective evidence relied on

was the same evidence addressed above with regard to Dr. Nagaraj, which does not support the ALJ's finding that Plaintiff consistently had a normal gait or normal physical findings. Inconsistency with objective findings was thus not a germane reason to discount Ms. Neveux's opinions.

The ALJ also discounted Ms. Neveux's opinions because she "provided minimal explanations for these extreme limitations…." AR 21. "How well the source explains the opinion" is one factor to apply when evaluating non-acceptable medical source opinions. SSR 06-03p, 2006 WL 2329939 at *4 (S.S.A. 2006).[3] However, even for a non-acceptable medical source, the ALJ must "recognize" when a summary opinion is "supported by voluminous notes." *Garrison v. Colvin*, 759 F.3d 995, 1014 (9th Cir. 2014). The Ninth Circuit has recently reinforced that the fact that a non-acceptable medical source used "a check-box form provides no reason to reject her opinions, much less a germane reason." *Popa v. Berryhill*, 872 F.3d 901, 907 (9th Cir. 2017). The source in *Popa* had been the claimant's primary treating provider for over a year, and the ALJ erred by discounting her opinions without accounting for the supporting treatment notes. *Id.* Here, most of the treatment notes in the record—and substantially all notes the ALJ cited in evaluating Dr. Nagaraj's and Ms. Neveux's opinions—were from The Vancouver Clinic. *See* AR 21, 22. These records showed antalgic gait, back spasms, pain, tenderness, leg weakness, and reduced range of motion. AR 408-09, 439, 443, 455, 586, 743, 749, 809.

The ALJ erred by failing to provide a germane reason, supported by substantial evidence, to discount Ms. Neveux's opinions. On remand, the ALJ should reevaluate these opinions.

---

[3] The Court notes that SSR 06-03p is rescinded for claims filed on or after March 27, 2017. SSR 96-2P, 2017 WL 3928305 (S.S.A. 2017).

ORDER REVERSING THE
COMMISSIONER'S DECISION AND
REMANDING FOR FURTHER
ADMINISTRATIVE PROCEEDINGS - 7

### 3. William U. Weiss, Ph.D.

Dr. Weiss examined Plaintiff in March 2014 and diagnosed her with PTSD, depressive disorder due to chronic pain, and persistent and moderate somatic symptom disorder with predominant pain. AR 488. He opined that Plaintiff's adaptation, social interaction, and sustained concentration and persistence were "markedly impaired." AR 490. She needed "more insight into her psychological problems" and her recent memory was impaired. AR 490. Dr. Weiss concluded that, "[a]t the present time, she would not be able to maintain gainful employment. … It is unlikely that she will be able to do so in the future." AR 490.

The ALJ gave Dr. Weiss' opinions "little weight" because they were inconsistent with objective findings and Plaintiff's activities, and because they relied on Plaintiff's self-reports while Plaintiff had little mental health treatment. AR 22. For the reasons discussed below, the Court concludes the ALJ did not err regarding Dr. Weiss' opinions because inconsistency with objective findings was a sufficient reason to discount them and, although the remaining reasons were erroneous, the error is harmless.

#### a. Objective Findings

An October 2014 examination found intact recent and remote memory. AR 585. In a December 2015 psychological evaluation, Plaintiff's long and short term memory were grossly intact. AR 713. These findings contradict Dr. Weiss' conclusion that Plaintiff's memory was impaired, and were a specific and legitimate reason to discount his opinions. *See Batson*, 359 F.3d at 1195. The ALJ also cited normal findings such as mood, affect, attention, concentration, and orientation, in about two dozen appointments spanning the relevant period. AR 22. Plaintiff notes that several of these treatment notes also documented abnormal findings such as tearfulness, abnormal mood or affect, or impaired insight. Dkt. 11 at 13. While some abnormal

findings are present, the ALJ permissibly interpreted the overall record as showing generally normal findings. The abnormal clinical observations are not so predominant that the ALJ's interpretation mischaracterizes the record as a whole. "The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and for resolving ambiguities" and this Court "must uphold the ALJ's decision where the evidence is susceptible to more than one rational interpretation." *Andrews*, 53 F.3d at 1039-40. The consistent documentation of largely—though not entirely—normal mental health findings undermines Dr. Weiss' opinion that Plaintiff is completely disabled based solely on her mental health. The Court concludes the ALJ did not err by discounting Dr. Weiss' opinions due to conflict with the medical record as a whole.

### b. Plaintiff's Self-Report

The ALJ discounted Dr. Weiss' opinions because they "appear[ed] to rely on the claimant's subjective complaints" instead of objective evidence. AR 22. Although an ALJ may discount a doctor's opinion that is based to a large extent on an applicant's self-reports and not on clinical evidence, psychiatric evaluations "will always depend in part on the patient's self-report, as well as on the clinician's observations of the patient[, and thus] the rule allowing an ALJ to reject opinions based on self-reports does not apply in the same manner to opinions regarding mental illness." *Buck*, 869 F.3d at 1049. Clinical interviews and mental status evaluations "are objective measures and cannot be discounted as a 'self-report.'" *Id.* Dr. Weiss made extensive clinical observations; tested memory, abstract thought, concentration, judgment, and insight; and applied his professional judgment. AR 486-87. For example, even though Plaintiff denied depression, Dr. Weiss observed "tears and facies indicative of depression" and

diagnosed depressive disorder. AR 488; AR 489. The ALJ erred by discounting Dr. Weiss' opinions as overly reliant on Plaintiff's self-reports.

### c. Activities

Conflict with a claimant's activities can justify rejecting a medical opinion. *Ghanim*, 763 F.3d at 1162. The ALJ noted that Plaintiff helped with her disabled children, did "some driving" and "some cooking," read, and watched television. AR 22. The ALJ failed to explain how these activities contradicted Dr. Weiss' opinions. The Commissioner asserts that the ALJ's reasoning can be inferred. Dkt. 12 at 11. Even these proposed inferences do not contradict Dr. Weiss' opinions. While helping her children requires some social interaction, it is unlike workplace social interaction. Driving, cooking, reading, and watching television require some concentration and persistence, but the record does not show that Plaintiff engaged in any of these activities to such an extent that it would contradict Dr. Weiss' opinions that Plaintiff's concentration and persistence were too impaired to maintain gainful employment. The ALJ erred by discounting Dr. Weiss' opinions based on conflict with Plaintiff's activities.

### d. Harmless Error

The ALJ's error in including two invalid reasons was harmless, however, because she included the specific and legitimate reason that objective medical evidence conflicted with Dr. Weiss' opinions. *See Molina*, 674 F.3d at 1117 (error harmless if "inconsequential to the ultimate disability determination"); *Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1163 (9th Cir. 2008) (inclusion of erroneous reasons to discount claimant's testimony was harmless because "remaining valid reasons supporting the ALJ's determination are not 'relatively minor'"). The Court concludes the ALJ permissibly discounted Dr. Weiss' opinions based on conflict with objective medical findings.

### 4. Nonexamining State Agency Doctors

A treating physician's opinion is generally entitled to greater weight than an examining physician's opinion, and an examining physician's opinion is entitled to greater weight than a nonexamining physician's opinion. *Garrison*, 759 F.3d at 1012. "The weight afforded a non-examining physician's testimony depends on the degree to which he provides supporting explanations for his opinions." *Id.* (internal alterations omitted).

#### a. Richard Borton, Ph.D., and Dan Donahue, Ph.D.

Plaintiff argues that the ALJ erred by accepting these opinions over Dr. Weiss' and giving them "great weight" as well-supported by the record. Dkt. 11 at 14 (quoting AR 22). But Dr. Weiss' opinions were permissibly discounted, and thus were not entitled to greater weight than Dr. Borton's and Dr. Donahue's. The same evidence discussed above with regard to Dr. Weiss' opinions supports the ALJ's reason to accept Dr. Borton's and Dr. Donahue's opinions. Moreover, an ALJ is not required to provide reasons in support of accepting a medical opinion. *See Turner v. Comm'r of Soc. Sec. Admin.*, 613 F.3d 1217, 1223 (9th Cir. 2010)

Plaintiff then argues that the ALJ erred by failing to give full force to Dr. Borton's and Dr. Donahue's opinions that Plaintiff "may have difficulty initially with public transportation due to social anxiety, but once an itinerary and bus cohort are familiar, she would be capable of maintaining that." AR 130, 147; Dkt. 11 at 15. Because the RFC limits Plaintiff from operating a motor vehicle, Plaintiff contends that she could not reliably get herself to work either by car or bus. She would be absent or late to work, at least initially, and thus could not maintain employment. Dkt. 11 at 15. But there is no reason Plaintiff could not become familiar with a bus itinerary and bus cohort before starting a new job. Dr. Borton and Dr. Donahue, state agency doctors familiar with Social Security disability regulations, concluded that Plaintiff was not

disabled. Plaintiff offers no explanation for why giving full force to Dr. Borton's and Dr. Donahue's opinions regarding public transportation requires the ALJ to override their opinions of non-disability. The Court concludes the ALJ did not err by failing to find Plaintiff disabled due to difficulty getting to work.

### b. Howard Platter, M.D.

Plaintiff argues the ALJ erred by accepting Dr. Platter's opinion that she could perform light work over Plaintiff's treating providers' opinions. Dkt. 11 at 14. The ALJ must reevaluate Dr. Nagaraj's and Ms. Neveux's opinions on remand. If the ALJ accepts those opinions, Dr. Platter's opinion will need to be reweighed in light of them.

## C. Plaintiff's Testimony

Where, as here, an ALJ determines a claimant has presented objective medical evidence establishing underlying impairments that could cause the symptoms alleged, and there is no affirmative evidence of malingering, the ALJ can only discount the claimant's testimony as to symptom severity by providing "specific, clear, and convincing" reasons that are supported by substantial evidence. *Trevizo*, 871 F.3d at 678.

Plaintiff testified that she has pain all over her body. AR 46. Her pain medications cause sleepiness, mental fogginess, dizziness, and nausea. AR 47. Plaintiff uses a cane daily. AR 50. Plaintiff's right eye has reduced peripheral vision. AR 47. Due to anxiety and PTSD, Plaintiff does not like being in public and seldom goes anywhere alone. AR 51. Plaintiff testified that she can be on her feet for 30 minutes at a time. AR 59. She can only walk 10 to 20 minutes and then needs to rest for 10 to 20 minutes. AR 309. Plaintiff reported that she can sit for one hour. AR 276. Because of a hernia, she should not lift more than five pounds. AR 60. She cannot reach above her head. AR 281. Plaintiff needs assistance to walk to the bathroom. AR 276-77.

Leg numbness sometimes causes her to fall. AR 59. The ALJ discounted Plaintiff's testimony based on inconsistency with the medical evidence and lack of treatment. AR 21.

1. **Mental Impairments**

The ALJ discounted Plaintiff's testimony because she "engaged in minimal treatment for her psychological issues, despite being counseled to do so[,]" and because the medical findings were consistently normal. AR 21. "Although lack of medical evidence cannot form the sole basis for discounting pain testimony, it is a factor that the ALJ can consider in his credibility analysis." *Burch*, 400 F.3d at 681. The medical findings relied on were the same as those relied on to discount Dr. Weiss' opinions. As discussed above, the ALJ permissibly interpreted the findings as generally normal.

An "unexplained or inadequately explained failure" to seek treatment or follow prescribed treatment can be a valid reason to discount a claimant's testimony, but an ALJ must consider a claimant's proffered reasons. *Trevizo*, 871 F.3d at 679-80. Plaintiff argues that she took psychiatric medications, and she attempted counseling. Dkt. 11 at 19. In June 2011, a treatment provider "discussed the importance of seeing a psychiatrist and psychologist." AR 594. The provider "didn't think that medications would be the answer to the problem either but rather introspection [and] a discussion about the wounds that she [had] received in the past." AR 594. Plaintiff told Dr. Weiss in March 2014 that "she was in counseling but her original counselor … left … and she was reassigned to a woman that [Plaintiff] did not like." AR 484. Using medication was insufficient, because Plaintiff was specifically advised to seek talk therapy and her only excuse for discontinuing was disliking her new counselor. Plaintiff argues that she lacked insight into her psychological problems. Dkt. 11 at 19. Plaintiff had enough insight to

begin counseling, however. The ALJ permissibly interpreted the record as showing a failure to follow treatment recommendations.

The ALJ discounted Plaintiff's mental health testimony based on the clear and convincing reason of failure to follow treatment recommendations. The generally normal clinical findings further supported the ALJ's conclusion. The Court concludes the ALJ did not err by discounting Plaintiff's mental health testimony.

### 2. Physical Impairments

The ALJ discounted Plaintiff's testimony because the medical findings were "minimal." AR 20. Medical evidence is "a relevant factor in determining the severity of the claimant's pain and its disabling effects." *Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001). The evidence relied on, however, was the same as that relied on to discount Dr. Nagaraj's and Ms. Neveux's opinions. Substantial evidence does not support the ALJ's characterization of the findings as "minimal."

Substantial evidence also does not support the ALJ's finding that there is "no evidence to suggest that [Plaintiff] required the use of an assistive device" for walking. AR 20. As the ALJ noted, Plaintiff was prescribed a walker by her treating physician, which is evidence that Plaintiff required an assistive device. AR 455-56.[4] There is also evidence in the record of several falls resulting in injuries. *See* AR 445 (injured left wrist), 568 (injured face; reported another fall several days prior with no injury), 539 (injured head), 555-56 (injured right wrist). This evidence further contradicts the ALJ's finding.

---

[4] While Plaintiff testified that she had not used her walker for about a year before the hearing because it was broken, she continued to use another assistive device, a cane, for walking. AR 49.

The Court concludes the ALJ erred by discounting Plaintiff's physical symptom testimony without a clear and convincing reason. On remand, the ALJ should reassess the testimony.

**D.   Scope of Remand**

Plaintiff requests the Court remand for an award of benefits. Dkt. 11 at 2. In general, the Court has "discretion to remand for further proceedings or to award benefits." *Marcia v. Sullivan*, 900 F.2d 172, 176 (9th Cir. 1990). The Court may remand for further proceedings if enhancement of the record would be useful. *See Harman v. Apfel*, 211 F.3d 1172, 1178 (9th Cir. 2000). The Court may remand for benefits where (1) the record is fully developed and further administrative proceedings would serve no useful purpose; (2) the ALJ fails to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion; and (3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand. *Garrison*, 759 F.3d at 1020. The Court has flexibility, however, "when the record as a whole creates serious doubt as to whether the claimant is, in fact, disabled within the meaning of the Social Security Act." *Id.* at 1021.

Here, the Court concludes that enhancement of the record would be useful. Plaintiff argues that Dr. Nagaraj's and Ms. Neveux's opinions establish disability. However, these opinions are self-contradictory, stating that Plaintiff can perform sedentary work but also stating that she cannot work at all. *See* AR 366-67, 709-10. Plaintiff argues that either conclusion, sedentary work or no work, would mandate a finding of disability in her case. But such a central contradiction calls into question Dr. Nagaraj's and Ms. Neveux's understanding of the forms they filled out and what meaning they intended to convey. Both providers left blank the portion of the opinion form that asked about "specific limitations," which might have clarified the

apparent contradiction. AR 366, 709. In addition to the internal conflict, their opinions conflict with the state agency doctor's opinion that Plaintiff can perform light work. It is the ALJ's role to resolve conflicts in medical opinions. *Andrews*, 53 F.3d at 1039. Under the circumstances, enhancement of the record would be useful and, accordingly, remand for further proceedings is appropriate in this case.

## CONCLUSION

For the foregoing reasons, the Commissioner's final decision is **REVERSED** and this case is **REMANDED** for further administrative proceedings under sentence four of 42 U.S.C. § 405(g). On remand, the ALJ should reconsider Dr. Nagaraj's and Ms. Neveux's opinions, reconsider Dr. Platter's opinions if needed, reevaluate Plaintiff's testimony on her physical impairments, reassess the RFC as needed, and proceed to step five as necessary.

DATED this 22nd day of May, 2019.

Thomas S. Zilly
United States District Judge